PALMER *v.* LOCOMOTIVE ENGINEERS' AND CONDUCTORS' MUTUAL PROTECTIVE ASSOCIATION.

INSURANCE—INDEMNITY POLICY—LOSS OF EMPLOYMENT—BREACH OF CONDITIONS.

Under a mutual benefit certificate providing for insurance against loss of employment in cases other than discharge for absence from engine, use of liquors and similar reasons, and referring to the application which contained the clause, "that the cause assigned by my employer for suspension or discharge shall be the sole basis of determining the liability of the association," plaintiff was not entitled to recover on his own showing that the employer discharged him for being absent from his engine and visiting

saloons, and he was properly prevented at the trial from attempting to prove that the assigned cause was untrue; that he had been absent with leave and visited certain saloons on a mission of his superintendent.

Error to Ottawa; Cross, J.   Submitted October 8, 1915.   (Docket No. 30.)   Decided December 21, 1915.

Assumpsit by Edward R. Palmer against the Locomotive Engineers' and Conductors' Mutual Protective Association on a benefit certificate.   Judgment for defendant on a directed verdict.   Plaintiff brings error. Affirmed.

*Lillie & Lillie,* for appellant.

*Arthur P. Hicks,* for appellee.

OSTRANDER, J.   The certificate or policy sued upon contains the following:

"This certificate does not include nor cover any suspension or discharge not in the nature of a penalty or measure of discipline, nor any case arising from or traceable to any of the following causes or conditions, viz.:   Absence from engine while in charge of same; nor for any act or acts while not in charge of your engine; use of intoxicating liquors; soliciting his own discharge or suspension; striking; garnishment; fighting; assaulting superior officers; knowingly disobeying orders or rules of traffic conditions; disregarding national or State laws; being pensioned; personal injury; physical disability or old age."

The certificate purports to have been issued in consideration of the warranties and representations made by the plaintiff in his application for membership, and a copy thereof was attached.   In the application the plaintiff agreed:

"That the cause assigned by my employer for suspension or discharge shall be the sole basis of determining the liability of the association."

The cause assigned for plaintiff's discharge was—

"for frequenting saloons, also leaving his engine 2381 at Grand Haven on the night of August 23d for two hours without permission from his foreman."

In his notice of claim plaintiff specified:

"I was discharged for leaving my engine and visiting saloons."

Notice of the indicated defense was given by defendant with its plea. Plaintiff sought, by recital in his notice of claim and by testimony upon the trial, to show that he left his engine by permission and visited saloons while off duty to get a certain man for investigation which was private with the superintendent; in other words, sought to show that the cause assigned by the employer for his discharge did not exist. The testimony was excluded, a verdict for defendant directed, and a motion for a new trial was overruled. Upon the authority of *Stitt* v. *Protective Ass'n,* 177 Mich. 207 (142 N. W. 1110), it is held the rulings were right.

Judgment is affirmed.

Brooke, C. J., and Person, Kuhn, Stone, Bird, Moore, and Steere, JJ., concurred.