**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-1898**

───────────

DEANNA JEAN CHEETHAM,

             Plaintiff - Appellant,

      v.

LOCOMOTIVE   ENGINEERS   &   CONDUCTORS   MUTUAL   PROTECTIVE
ASSOCIATION, a/k/a LECMPA,

             Defendant - Appellee.

───────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.   Robert C. Chambers,
District Judge.  (3:12-cv-00388)

───────────

Submitted:  January 30, 2013          Decided:  March 19, 2013

───────────

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Gregory G. Paul, MORGAN & PAUL, PLLC, Sewickley, Pennsylvania,
for Appellant.   Jeffrey M. Wakefield, Erica M. Baumgras,
FLAHERTY SENSABAUGH BONASSO PLLC, Charleston, West Virginia, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deanna Jean Cheetham appeals the district court's order granting Locomotive Engineers & Conductors Mutual Protective Association's ("LECMPA") motion to dismiss her claim for insurance benefits.[*] See Fed. R. Civ. P. 12(b)(6). We affirm.

This court reviews de novo a district court's order dismissing a complaint for failure to state a claim, assuming that all well-pleaded nonconclusory factual allegations in the complaint are true. Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). Statements of bare legal conclusions, however, "are not entitled to the assumption of truth" and are insufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).

Cheetham does not dispute that the terms of her insurance policy provided that the cause of termination assigned

_____

[*] By failing to challenge in her brief the district court's application of Michigan law or the court's dismissal of her statutory and common law bad faith claims, Cheetham has forfeited appellate review of those issues. See Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009) (limiting appellate review to arguments raised in brief in accordance with Fed. R. App. P. 28(a)(9)(A)). We also decline to consider Cheetham's argument that the doctrine of equitable estoppel prevents LECMPA from denying her benefits under the policy. See United States v. Edwards, 666 F.3d 877, 887 (4th Cir. 2011) (declining to address arguments raised for first time on appeal).

2

by her employer conclusively established LECMPA's liability, that her employer determined the cause for her termination was insubordination, or that the policy did not cover termination for insubordination. Although Cheetham asserts that it was manifestly unjust for the district court to allow LECMPA to deny her benefits when she had prevailed in a wrongful termination action, we have found no authority under Michigan law to create an exception to the plain language of Cheetham's insurance policy. See Palmer v. Locomotive Eng'rs' & Conductors' Mut. Protective Ass'n, 155 N.W. 357, 357 (Mich. 1915) (prohibiting employee with similar policy from admitting evidence rebutting employer-assigned cause of termination); Stitt v. Locomotive Eng'rs' Mut. Protective Ass'n, 142 N.W. 1110, 1113 (Mich. 1913) (holding that, although similar policy "is not favorable to the insured," cause assigned by employer "cannot be contradicted"). We also reject Cheetham's argument that she should be awarded benefits because a person should not receive indemnity for the consequences of his or her own wrongdoing. This argument, whatever its merit in the abstract, is inapt under the facts of this case, as the entity violating the law, Cheetham's employer, was not a party to the insurance contract.

Finding no reversible error, we affirm the district court's dismissal of Cheetham's claim for benefits. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED